UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ZYNGA GAME NETWORK INC., | ) | |
| Plaintiff(s), | ) | No. C09-5301 JSW (BZ) |
| v. | ) | **REPORT AND RECOMMENDATION** |
| AHAMED SUHAIL, dba CHIPSSTORE.COM, | ) | |
| Defendant(s). | ) | |

    By order dated June 21, 2010, the Honorable Jeffrey S. White referred to me Zynga's motion for entry of default judgment against Ahamed Sudhail ("Sudhail"). The following is my report and recommendation for the entry of default judgment.

    On November 6, 2009, Zynga filed a complaint against 5 Doe defendants for (1) violation of 15 U.S.C. § 1125(a), (2) violation of 18 U.S.C. § 1030, (3) violation of Cal. Bus. & Prof. Code § 17200, (4) violation of California Penal Code § 502 (5) State common law trademark infringement, (6) common law passing off and unfair competition, (7) breach of contract, (8) intentional interference with contractual

1

relations, and (9) trespass to chattels.[1]  On March 4, 2010, the first amended complaint ("FAC") was filed to add Sudhail to the action and to add one more cause of action, for a violation of 15 U.S.C. §1114(1).  On May 5, 2010, Zynga served the FAC and related papers on Sudhail.  See Docket No. 22.  Sudhail failed to answer the complaint or otherwise defend the action.  On May 12, 2010, upon Zynga's request, the Clerk entered defendant's default under Rule 55(a).  See Docket No. 24.  Zynga has now moved for entry of a default judgment, seeking relief for violations of the Lanham Act (15 U.S.C. §§ 1111 et seq.) and the California Unfair Competition Law (Cal. Bus. Prof §§ 17200 et seq.).

By his default, Sudhail is deemed to have admitted the well-pleaded averments of the complaint except those as to the amount of damages.  See Fed. R. Civ. P. 8(d).  Zynga's pleadings are sufficient to demonstrate defendant's violations of the Lanham Act.  See 15 U.S.C. §§ 1114(1), 1125(a); see also Zynga Game Network v. Erkan, 2010 WL 2650503, at *2 (N.D. Cal.).  Zynga's pleadings are also sufficient to demonstrate Sudhail's violations of § 17200.  See  Cal. Bus. Prof § 17200.

Zynga has established that Sudhail violated the Lanham Act (15 U.S.C. §§ 1114(1), 1250(a)) by using Zynga's registered trademark on his websites, chipsstore.com, ezechips.com, palchips.com, chips-wholesale.com and bestchipswholesale.com, to sell Zynga "chips" for the Zynga

---

[1] Although plaintiff has offered evidence to prove all ten causes of action, because they have only sought relief under 2 statutes, this report will not discuss the validity of all causes of action.

1  Poker game, and earn income through "pay-per-click"
2  advertising, without Zynga's permission or consent.  FAC ¶¶
3  13, 29, 30, Varas Dec., Exh. 2-7.  Zynga alleges that
4  defendant acted willfully and intentionally, Id. at ¶ 37, and
5  seek disgorgement pending an accounting, injunctive relief
6  pursuant to § 1116(a), a transfer of property pursuant to §
7  1118 and attorney's fees and costs pursuant to section
8  1117(a).  Motion at 12-16.

9  Zynga has also established that Sudhail violated the
10 California Unfair Competition Law, Cal. Bus. & Prof. Code §
11 17200.  Through the terms of a user agreement, Zynga Poker
12 users are not allowed to resell their chips or use the game as
13 a vehicle to resell chips.  FAC ¶¶ 23, 25, Varas Dec., Exh. 1.
14 Sudhail has been selling chips, without authorization from
15 Zynga, through his websites and distributing them fraudulently
16 through Zynga's game. FAC ¶¶ 30, 31, 32.  As a direct
17 competitor of Zynga, Sudhail's use of Zynga's trademark is an
18 "unlawful, unfair and/or fradulent" business practice under
19 California Business and Professions Code § 17200.  FAC ¶¶ 47,
20 50.  Because this practice is ongoing, Zynga seeks injunctive
21 relief under § 17203. FAC ¶ 53.

22 A court may not enter a default judgment against an
23 unrepresented minor, an incompetent person, or a person in
24 military service.  See Fed. R. Civ. P. 55(b)(2); 50 App.
25 U.S.C. § 521.  In his supplemental declaration, Zynga's
26 counsel has satisfied me that Sudhail is not an infant or
27 incompetent person, and that the Servicemembers Civil Relief
28 Act does not apply to him.

1      Pursuant to Rule 55(b)(2), the court may enter a default
2 judgment against a party against whom default has been
3 entered.  The decision to grant or deny a default judgment
4 under Rule 55(b) is within the discretion of the court.  <u>Eitel</u>
5 <u>v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Although a
6 formal hearing is not required for a court to render a default
7 judgment, <u>Davis v. Fendler</u>, 650 F.2d 1154 (9th Cir. 1981),
8 plaintiffs have the burden of proving damages through
9 testimony or written affidavit.  If damages are ascertainable,
10 however, there is no need for an evidentiary hearing.  <u>See</u>
11 <u>Ortiz-Gonzalez v. Fonovisa</u>, 277 F.3d 59, 63-64 (1st Cir.
12 2002).

13      In its motion, Zynga seeks an injunction prohibiting
14 Sudhail from infringing the ZYNGA mark, from selling or
15 advertising "chips," and from accessing Zynga's servers.
16 Zynga also requests the transfer or cancellation of Sudhail's
17 domain names.  Zynga requests an accounting of Sudhail's
18 profits to determine the appropriate damages, and an award of
19 reasonable attorney's fees.

20      Section 1116(a) of the Lanham Act gives the court the
21 power to "grant injunctions, according to the principles of
22 equity...to prevent a violation of any right of the registrant
23 of a mark." 15 U.S.C. § 1116(a).  "Injunctive relief is the
24 remedy of choice for trademark and unfair competition cases."
25 <u>Century 21 Real Estate Corp. v. Sandlin</u>, 846 F.2d 1175, 1180
26 (9th Cir. 1988).  By virtue of his default, Sudhail has
27 admitted to violating Zynga's trademark rights.  As there are
28 no assurances he will not continue to infringe, I recommend

4

1  the court grant Zynga's request for injunctive relief under §
2  1116(a).

3       California Business and Professions Code § 17203 empowers
4  the court to issue orders "as may be necessary to
5  prevent...any practice which constitutes unfair competition."
6  Cal. Bus. & Prof. Code § 17203.  "The remedial power granted
7  under this section is 'extremely broad.'"  Hewlett v. Squaw
8  Valley Ski Corp., 54 Cal. App. 4th 499, 540 (1997).  (internal
9  citations omitted).  By virtue of his default, Sudhail has
10 admitted to violating § 17200 through his sale of "chips" and
11 his use of Zynga's game to transfer "chips."  With no
12 assurances as to Sudhail's future conduct, I recommend the
13 court grant Zynga's request for injunctive relief under §
14 17203.

15      Under 15 U.S.C. § 1118, the court has the power to order
16 the destruction of any materials used to infringe upon a
17 trademark.  Zynga concedes that "the transfer of domain names
18 that do not themselves infringe the plaintiff's mark is not a
19 common remedy," but requests the court authorize their
20 transfer under the basic principles of equity.  Two recent
21 cases in this District, factually similar to this one, have
22 ordered that non-infringing domain names be transferred to
23 Zynga.  See Zynga Game Network Inc. v. Lin et al., 3:09-cv-
24 03211 MMC, Doc. 34 (N.D. Cal. March 30, 2010), Zynga Game
25 Network Inc. v. Erkan, 3:09-cv-03264 SC, Doc. 47 (N.D. Cal.
26 July 1, 2010).  Because Sudhail could resume infringing
27 through his websites if the domain names remained under his
28 control, I recommend that they be ordered transferred

to Zynga. Zynga has provided letters from the registrars of the names stating that they will abide by a court order to transfer a name, even though they are not a party to this suit.

Zynga is entitled to Sudhail's profits as a result of the infringement under both the Lanham Act and common law unfair competition claims under § 1114.[2] Because Sudhail cannot be located and no exact value can be attached to his profits, Zynga requests an accounting to determine Sudhail's profits, and thus, its damages. An accounting may be ordered as a remedy to prove damages under the Lanham Act. See Maier Brewing Co. v. Fleishmann Distilling Corp., 390 F.2d 117, 124 (9th Cir. 1968), Nat'l Leader Co. v. Wolfe, 223, F.2d 195, 205 (9th Cir. 1995). However, Zynga has provided no authority permitting a court to order an accounting against a defaulting party, arguably an idle act in this case. Once again, I recommend following the lead of two other judges in this district and ordering an accounting of Sudhail's profits. See Zynga Game Network Inc. v. Lin et al., 3:09-cv-03211 MMC, Doc. 34 (N.D. Cal. March 30, 2010), Zynga Game Network Inc. v. Erkan, 3:09-cv-03264 SC, Doc. 47 (N.D. Cal. July 1, 2010).

Finally, Zynga is entitled to recover attorney's fees under § 1117 of the Lanham Act if the case is considered exceptional. "Generally, a trademark case is exceptional...

---

[2] Zynga has offered no authority that the common law unfair competition claims would be different from the trademark claims. Unless Zynga can provide further proof of the differences between the damages available under either statute, the common law unfair competition damages should be ignored.

when the infringement is malicious, fraudulent, deliberate or willful." <u>Gracie v. Gracie</u>, 217 F.3d 1060, 1068 (9th Cir. 2000) citing <u>Lindy Pen Co. Inc. v. Bic Pen Co.</u>, 982 F.2d 1400, 1409 (9th Cir. 1997).  By defaulting, Sudhail has admitted that his infringement was malicious, fraudulent, deliberate or willful.  For example, he has admitted that his conduct was contrary to Zynga's Terms of Service and other notices and licenses which Sudhail accepted in order to participate in Zynga's game.  Therefore, I recommend Zynga be given leave to file a request for attorney's fees at the conclusion of this action.

For the foregoing reasons, I recommend that the court **GRANT** Zynga the injunctive relief sought in its complaint. I recommend the domain names be transferred to Zynga, and that an accounting of Sudhail's profits be **ORDERED**.  Finally, I recommend an award of reasonable attorney's fees to be determined by motion at a later date.

Dated: August 9, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\ZYNGA V. CHIPPSSTORE.COM\R&R DEFAULT.wpd