UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZYNGA GAME NETWORK INC., | ) |
| Plaintiff(s), | ) No. C09-5301 JSW (BZ) |
| v. | ) **REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |
| AHAMED SUHAIL, dba CHIPPSTORE.COM, | ) |
| Defendant(s). | ) |

On August 25, 2010, the Honorable Jeffrey S. White referred to me plaintiff Zynga Game Network Inc.'s motion for attorneys' fees and costs. The following is my report and recommendation.

Plaintiff obtained a default judgment against defendant Ahamed Suhail after defendant failed to answer plaintiff's complaint or otherwise defend the action. Docket No. 39. Plaintiff now requests $16,477.50 in attorneys' fees and $2,705.60 in costs pursuant to the Lanham Act. 15 U.S.C. § 1117. Section 1117 permits a court to award reasonable attorneys' fees to the prevailing party in "exceptional cases." Id. A case is "exceptional" where the defendant's

1    behavior is malicious, fraudulent, deliberate or willful.  See
2    Sealy, Inc. v. Easy Living, Inc., 743 F.2d 1378, 1384 (9th
3    Cir. 1984) (citing Playboy Enters., Inc. v. Baccarat Clothing
4    Co., 692 F.2d 1272, 1276 (9th Cir. 1982)).  In this matter,
5    the court found that defendant's activities were willful and
6    malicious.[1]  Docket No. 39.  Thus, attorneys' fees are
7    appropriate under 15 U.S.C. § 1117.
8         To determine the reasonable amount of attorneys' fees,
9    the court should "calculate the 'lodestar figure' by taking
10   the number of hours reasonably expended on the litigation and
11   multiplying it by a reasonable hourly rate."[2]  Fischer v. SJB-
12   P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000) (citing Hensley
13   v. Eckerhart, 461 U.S. 424, 433 (1983)).  In support of its
14   motion for attorneys' fees, plaintiff submits a survey of
15   average hourly rates for intellectual property attorneys and
16   its billing records stating the amount of hours expended on
17   this matter.  Varas Dec., Exh. 1; Notice of Lodging of Billing
18   Records.  I am satisfied that the hourly rates charged by
19   plaintiff's attorneys are reasonable for their level of
20   experience.  However, I am troubled by the number of attorneys

---

[1]   By virtue of his default, defendant is deemed to have admitted that his infringement of plaintiff's trademark was willful and malicious.  See Adriana Int'l Corp. v. Theoren, 913 F.2d 1406, 1414 (9th Cir. 1990).

[2]   The court must review detailed time records to determine whether the hours expended on a matter were reasonable or excessive, and it must also determine the reasonable hourly rate by looking to "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers v. City of L.A., 796 F.2d 1205, 1210-11 (9th Cir. 1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987).

involved and the number of hours expended for what is essentially a routine collection suit which proceeded by way of default.  Nevertheless, because this case required third party discovery to uncover defendant's identity (Docket No. 9), I recommend that plaintiff be awarded all its fees.

A plaintiff who prevails on a claim under 15 U.S.C. § 1125(a) is also entitled to costs.  15 U.S.C. §1117(a).  In support of its motion, plaintiff submits a bill of costs for $2,705.60.  Docket No. 42.  I am satisfied that plaintiff's costs incurred are also reasonable.[3]  Accordingly, I recommend that the court **GRANT** Zynga's $16,477.50 in attorneys' fees and $2,705.60 in costs.

Dated: October 20, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\ZYNGA V. 09.5301\R&R ATTORNEY FEES.wpd

---

[3] I share Judge Conti's concern with the document delivery charges, considering that there are alternative methods of delivering documents that are not time sensitive (i.e. first class mail).  However these charges were incurred before Judge Conti ruled.  Zynga Game Network, Inc. V. Erkan, 3:09-cv-03264 SC, Docket No. 53 (N.D. Cal. Aug. 31, 2010).